99 F.3d 1128
 NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
Dennis J. BELDOTTI, Plaintiff, Appellant,
v.
Gwen BOISVERT, et al., Defendants, Appellees.
 No. 96-1581.
 United States Court of Appeals, First Circuit.
 Oct. 29, 1996.
 
 Appeal from the United States District Court for the District of Massachusetts [Hon. Robert B. Collings, U.S. Magistrate Judge]
 Dennis J. Beldotti on brief pro se.
 Scott Harshbarger, Attorney General, and Gregory I. Massing, Assistant Attorney General, Criminal Bureau, on brief for appellees William Delahunt and Gerald Pudolsky.
 Scott Harshbarger, Attorney General, and Howard R. Meshnick, Assistant Attorney General, Trial Division, on brief for appellees Gwen Boisvert, William McCabe, Charles Barry, and James Sharkey.
 Bruce R. Henry, Thomas M. Elcock, and Morrison, Mahoney & Miller on brief for appellee Glover Memorial Hospital.
 Brian Rogal and Law Offices of Timothy M. Burke on brief for appellee Brian O'Hara.
 David C. Jenkins and Dwyer & Jenkins on brief for appellees Thomas J. Leary, Michael F. O'Toole and Albert P. Droney.
 William J. Dailey, Jr., Robert G. Eaton, Janet Nally Barnes, and Sloane and Walsh on brief for appellee Jonathan Diamond, M.D.
 D.Mass.
 AFFIRMED.
 Before TORRUELLA, Chief Judge, SELYA and STAHL, Circuit Judges.
 PER CURIAM.
 
 
 1
 On de novo review of the issues, we agree that plaintiff's § 1983 claims are barred by the borrowed three-year state limitations period for tort actions. The complaint seeks monetary damages arising from the application to plaintiff's skin of a chemical solution containing ortho-tolidine, a potential carcinogen, during an investigatory search for the presence of occult (invisible) blood. Plaintiff alleges Fourth Amendment, due process, and other constitutional violations arising from the skin search, which was conducted in August, 1988. He does not claim injury nor damages arising from his later criminal conviction and imprisonment. Thus the § 1983 claims stated in the complaint accrued on the date that the search was conducted, and this complaint, filed almost five years later, was untimely. See McIntosh v. Antonio, 71 F.3d 29, 34 (1st Cir.1995). While the magistrate's opinion raises some interesting questions about how a court might handle similar claims filed during the pendency of parallel state criminal proceedings, we need not reach those questions because this complaint was filed well after the state proceedings had concluded.
 
 
 2
 Plaintiff's allegation that he did not learn of the latent effects of ortho-tolidine until October 30, 1992, does not affect the accrual date. The gravamen of plaintiff's § 1983 claims is not a medical injury but the alleged injury to his constitutional rights based on the ortho-tolidine skin search. It is beyond dispute that when the skin search was conducted plaintiff had sufficient notice of all of the facts necessary to alert him to a possible constitutional injury, as further demonstrated by his assertion of Fourth Amendment motions to suppress the test results in his criminal trial. Through reasonable diligence during the limitations period he could have discovered the facts which he states were then well known in scientific circles, and on which he now seeks to predicate additional constitutional injury and damage. See Marrapese v. State, 749 F.2d 934, 937-38 (1st Cir.1984), cert. denied, 474 U.S. 921 (1985).
 
 
 3
 Accordingly, the judgment below is affirmed and, as no federal issues remain, the judgment is modified to indicate that the pendent state claims are dismissed without prejudice for lack of jurisdiction.